On petitioner's reconsideration filed November 10, 1983, reconsiderration allowed; former opinion filed October 12 (65 Or App 88, 670 P2d 194) supplemented to hold former OAR 436-54-225 valid and adhered to as supplemented February 22, petition for review denied April 17, 1984 (296 Or 829)

In the Matter of the Compensation of
Karen L. Fink, Claimant.

FINK,
*Petitioner,*

*v.*

METROPOLITAN PUBLIC DEFENDER,
*Respondent.*

(80-10425; CA A26671)

676 P2d 934

Elden M. Rosenthal and Rosenthal & Greene, P.C., Portland, for petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

**WARDEN, J.**

This workers' compensation case is before us on claimant's petition for review of our former opinion, *Fink v. Metropolitan Public Defender*, 65 Or App 88, 670 P2d 194 (1983). The petition for review serves as a petition for reconsideration by this court. ORAP 10.10. We grant the petition to consider whether former OAR 436-54-225 established a proper formula for computation of temporary partial disability benefits.[1]

The facts are set forth fully in our former opinion; for purposes of convenience, we repeat only those facts pertinent to our discussion here. Claimant, an attorney, voluntarily left the employment of the Metropolitan Public Defender's Office (MPD) in Portland in August, 1979, because of her symptoms of fibrositis. On October 1, 1979, she started working part-time in private practice. On September 19, 1980, she filed a workers' compensation claim with MPD for compensation for fibrositis. MPD denied the claim on May 4, 1981. The referee held that claimant was entitled to temporary total disability benefits from August 3, 1979, when she left MPD, until October 3, 1979, when she resumed working part time. He also found that she was entitled to temporary partial disability benefits for October, November and December, 1979, and awarded benefits for those months based on the formula established by *former* OAR 436-54-225(1). Applying *former* OAR 436-54-225(2), he found that claimant was not entitled to any benefits after January 1, 1980, because her earnings then equalled or exceeded her earnings at MPD.

*Former* OAR 436-54-225, provided:

"(1) The rate of temporary partial disability compensation is determined by subtracting the post-injury wage earnings available from any kind of work * * * from the wage earnings from the employment at the time of, and giving rise to, the injury and then dividing the difference by the wage earnings at the time of injury to arrive at the percentage of

---

[1] Claimant also requests reconsideration of our decision that she failed to establish a compensable disease. As to that issue, we adhere to our previous analysis. Even though her claim was not compensable, however, claimant was entitled to interim workers' compensation benefits for the time period between the filing of her claim and its denial. *See Jones v. Emanuel Hospital*, 280 Or 147, 570 P2d 70 (1977).

loss of earning power. The temporary total disability compensation rate is then multiplied by the percentage of loss of earning power to arrive at the temporary partial disability compensation rate.

"(2) If the post-injury wage earnings are equal to or greater than the wage earnings at the time of injury, no temporary partial disability compensation is payable."

Claimant asserts that the rule is in conflict with the enabling statute, ORS 656.212, because the rule defined "loss of earning power" in terms of actual earnings and failed to consider a potential decrease in the number of hours a worker could work. She argues that, after she left MPD, she could work only half time because of her fibrositis and that, therefore, her temporary partial disability rate should have been 50 percent of her total disability rate, regardless of her actual post-injury earnings. We do not agree.

■ ORS 656.212 provides:

"When the disability is or becomes partial only and is temporary in character, *the worker shall receive* for a period not exceeding two years *that proportion of the payments provided for temporary total disability* which his loss of earning power at any kind of work bears to his earning power existing at the time of the occurrence of the injury." (Emphasis supplied.)

As the statute indicates, compensation for temporary partial disability is to be calculated on the basis of payments for temporary total disability, which are provided by ORS 656.210.

■ Because of the interrelationship of the statutes, we look to the function and purpose of ORS 656.210 for guidance in construing ORS 656.212. Under ORS 656.210, temporary total disability is computed on the basis of the claimant's actual wages at the time of the injury. ORS 656.210(1). The purpose of temporary total disability is to compensate a claimant for loss of income until the condition becomes medically stationary, not to compensate for the work-related injury and disability, which is a function of a permanent disability award. *Taylor v. SAIF,* 40 Or App 437, 440, 595 P2d 515, *rev den* 287 Or 477 (1979). Considering ORS 656.212 in the context of the statutory scheme, we conclude that it too is designed only to maintain a worker's income at or near the

worker's pre-injury level of earnings. "Earning power," as used in ORS 656.212, therefore, refers to a worker's pre-injury wages. We construe ORS 656.212 to provide that compensation for temporary partial disability of a worker who is recovering from a compensable injury but is nonetheless capable of earning wages and is employed is to be proportionate to the decrease in the worker's actual earnings.

■ The formula established by *former* OAR 436-54-225 for computing loss of earning power comports with our construction of ORS 656.212. The rule provided for an adjustment of the compensation to be paid for the difference between the wages the worker actually received and the compensation the worker would have received for temporary total disability under ORS 656.210. If a claimant's post-injury wages exceed the claimant's pre-injury wages, the claimant suffers no loss of earning power and is not entitled to temporary partial disability benefits. We conclude that the formula under former OAR 436-54-225 for computation of a claimant's entitlement to compensation for temporary partial disability benefits accurately reflected the legislative concept of earning power.[2] Accordingly, we affirm the award of compensation for temporary partial disability as determined by the referee and affirmed by the Board, including denial of any temporary partial disability benefits after January 1, 1980.

Petition for reconsideration allowed; former opinion supplemented to hold former OAR 436-54-225 valid and adhered to as supplemented.

---

[2] In this case, claimant's post-injury employment resulted in a significantly higher per hour wage rate than her pre-injury employment, and she would have received greater benefits under an "hours of work" concept. Conversely, assuming that a worker secured post-injury employment at a lower rate than the pre-injury wage, an "hours of work" concept would be to the worker's disadvantage. For illustration we consider the hypothetical situation of a worker who had been employed eight hours a day at $10 per hour at the time of injury, but who, after an injury, could work only four hours a day at $6 per hour. Under *former* OAR 436-54-225, the worker would suffer a 70 percent loss of earning power and would be entitled to temporary partial disability benefits at 70 percent of the worker's temporary total disability compensation rate. Under the formula urged by claimant, that worker would suffer only a 50 percent loss of earning power and would be entitled to 50 percent of the worker's temporary total disability compensation rate. We do not believe the legislature intended that result.