Argued and submitted June 21, 1985, reversed January 29, 1986

In the Matter of the Compensation of
Sylvester A. Bergstrom, Claimant.
WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

BERGSTROM,
*Respondent.*

(83-09353; CA A34322)

713 P2d 654

Cynthia S.C. Shanahan, Portland, argued the cause for petitioner. With her on the brief were Lawrance L. Paulson and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Richard Alan Lee, Eugene, argued the cause for respondent. With him on the brief was Velure & Bruce, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Employer petitions for judicial review of an order of the Workers' Compensation Board which affirmed the referee's order awarding claimant interim compensation and assessing a 5 percent penalty against employer for an untimely denial. We reverse.

Claimant had retired on March 31, 1983, after 23 years of work for employer. Claimant alleged that he was forced to retire and filed a grievance. Employer offered claimant his job back in May, 1983. Claimant refused the offer. Meanwhile, in April, 1983, claimant's attorney wrote a letter to employer making a claim for an occupational disease. Employer responded by sending claimant an 801 form. Employer did not deny the claim until October 18, 1983, and claimant did not return the 801 form before that date.

At the hearing, the referee found the claim to be noncompensable. However, because employer did not accept or deny the claim within 14 days of the letter, the referee found employer liable for interim compensation payments to the date of the denial. In so doing, the referee relied on *Bono v. SAIF*, 66 Or App 138, 673 P2d 558 (1983). We agree with employer that the Supreme Court's reversal of *Bono v. SAIF*, *supra*, decided after the order before us on review, requires reversal. *Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984).

In *Bono*, the Supreme Court held that interim compensation is not required when a worker has not demonstrated absence from work because of a compensable injury. Claimant tries to distinguish *Bono* from his situation, arguing that in *Bono* the worker never left work, whereas here claimant had to retire because his physical condition presented an industrial hazard.

The distinction does not take this case out of the holding of *Bono*. As the Supreme Court pointed out, the policy behind interim compensation is to compensate an injured worker for having to leave work. Claimant did not "leave work" as that phrase is used in ORS 656.210(3). *Bono v. SAIF*, *supra*, 298 Or at 410. Whatever the merits of claimant's grievance about his retirement, the fact remains that he was retired at the time he filed his claim. Like the claimant in

*Bono v. SAIF, supra,* he did not establish that he had been absent from work or that his earning power was diminished.

Because interim compensation was not required, it follows that the penalty assessment must be reversed. ORS 656.262(10) provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the *amounts then due* plus any attorney fees which may be assessed under ORS 656.382." (Emphasis supplied.)

Because no amounts were due, there is no amount on which to base a penalty. *See Kosanke v. SAIF,* 41 Or App 17, 596 P2d 1013 (1979).

Reversed.