Argued and submitted May 5, affirmed in part and reversed in part
August 13, reconsideration denied September 26, petition for review denied
October 21, 1986 (302 Or 158)

In the Matter of the Compensation of
James Nix, Claimant.

NIX,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB 84-05083; CA A37597)

723 P2d 366

Michael L. Spencer, Klamath Falls, argued the cause for petitioner. With him on the brief was Osborne & Spencer, Klamath Falls.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Claimant seeks judicial review of a Workers' Compensation Board order reducing the referee's award of compensation for temporary disability. He also objects to the Board's setting aside the referee's award of a penalty and attorney fees. The referee awarded them because of respondent's unreasonable delay in paying interim compensation. We affirm the Board's reduction of compensation for temporary disability and reverse its order setting aside the award of penalties and attorney fees.

On February 20, 1984, claimant was injured in an on-the-job accident while driving employer's truck. Employer was at the scene of the accident and urged claimant to seek immediate medical attention. Claimant was taken to a Bend hospital, where he was treated and released. He was unable to work for two weeks as a result of his injuries. Although employer knew that claimant was involved in an accident that might result in a compensable injury, he did not immediately report the accident to SAIF as required by ORS 656.262(3).[1] He terminated claimant's employment on the date of the accident.

Claimant signed a claim form on May 7; employer signed it on May 17 and forwarded it to SAIF. SAIF accepted the claim as non-disabling on May 30, 1984. Claimant requested a hearing, asserting that he was entitled to interim compensation[2] from the date of the accident through May 30, 1984. The referee awarded interim compensation for that period. ORS 656.262(4) requires that the first interim payment of compensation be made no later than 14 days after the employer has notice or knowledge of the claim. The referee found that employer had such notice on the day of the accident and, because SAIF had failed to make a payment

---

[1] ORS 656.262(3) provides in part:

"Employers shall, immediately and not later than five days after notice or knowledge of any claims or accident which may result in a compensable injury claim, report the same to their insurer."

[2] The term "interim compensation" was coined by the court in *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977); it refers to temporary disability payments which ORS 656.262 requires be made to a claimant who is off work as a result of an injury for the time between the employer's notice of the injury and acceptance or denial of the claim.

within 14 days, the referee also imposed a penalty and awarded attorney fees pursuant to ORS 656.262(10).[3] *See Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977).

The Board found that claimant was away from work as a result of his injury for only two weeks. He had not returned to his job after that, because the only truck available for him to drive had been rendered inoperable in the accident and employer had terminated him. Relying on *Bono v. SAIF,* 298 Or 405, 692 P2d 606 (1984), the Board concluded that claimant was entitled to temporary total disability only for the two week period during which he was unable to work because of his injury. In *Bono,* the court held that a workers' compensation claimant is not entitled to interim compensation for any period when he was on the job.

In *Jones v. Emanuel Hospital, supra,* the court reasoned that, when read together, subsections (2), (4), and (5) (now (6)) of ORS 656.262 require an employer or insurer to begin paying interim compensation within 14 days of having notice of a claim. The payments are due whether or not the claim is ultimately found compensable. The court noted that interim compensation would prevent delays in processing a claim and insure a worker's well being during the period in which acceptance or denial of the claim was being considered. 280 Or at 151-152.

In *Bono v. SAIF, supra,* the court limited the effect of *Jones,* stating:

> "The purpose of interim compensation is to compensate the injured worker for leaving work. This is true even where this results from a non-compensable injury, as in *Jones.* However, if the worker does not demonstrate that he or she left work, interim compensation is not required." 298 Or at 410.

Claimant in this case was away from work after recovering from his injuries for reasons that were unrelated to his injury: He had been fired. Therefore, after claimant's two weeks of

---

[3] ORS 656.262(10) provides in part:

"If the insurer * * * unreasonably delays or unreasonably refuses to pay compensation * * * the insurer * * * shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

disability, he was not entitled to interim compensation. *See Weyerhaeuser Co. v. Bergstrom,* 77 Or App 425, 713 P2d 654 (1986).

■　　　We disagree, however, with the Board's decision to set aside the referee's award of a penalty and attorney fees for SAIF's delay in paying interim compensation for the two weeks when claimant was disabled. The Board ruled that the penalty and attorney fees were not justified, because SAIF's delay was not unreasonable, because the fact that claimant was unable to work due to his injury was not known to SAIF until the hearing. That result cannot be squared with the statutory scheme, which provides that processing claims and providing compensation for a worker is the responsibility of the insurer. ORS 656.262(1). The Board held that, once SAIF had notice of the claim, it had acted reasonably by promptly processing it. Although SAIF may have proceeded correctly after receiving notice of the claim, the fact remains that claimant was not served by the workers' compensation system as he had a right to be. Compensation was not paid within 14 days of the accident, because employer failed to report the accident within five days, as required by ORS 656.262(3). That conduct of the employer was unreasonable and is legally attributable to his insurer, SAIF. *See Anfilofieff v. SAIF,* 52 Or App 127, 627 P2d 1274 (1981).

In *Anfilofieff,* the employer did not truthfully report the cause of claimant's injury or his relationship with claimant to SAIF, leading to a denial of the claim. We held that penalties and attorney fees could be assessed against SAIF:

> "[W]e interpret the statute to authorize penalties to be paid by SAIF to the extent unreasonable conduct of a contributing or noncomplying employer causes or contributes to the delay or refusal of compensation." 52 Or App at 135.

Having found that interim compensation was due within 14 days of the accident, and finding that the compensation was unreasonably delayed by employer's failure to report to SAIF, we order the referee's award of a penalty and attorney fees to be reinstated.[4]

---

[4] ORS 656.262(3), which requires prompt reporting of claims to its insurer by an employer, also states:

> "Failure to so report subjects the offending employer to a charge for reimbursing the insurer for any penalty the insurer is required to pay under subsection (10) of this section because of such failure."

Award of temporary total disability affirmed; reversed as to penalty and attorney fees and referee's award reinstated.