Argued and submitted December 5, 1986, affirmed October 21, 1987, reconsideration denied January 15, petition for review denied February 9, 1988 (305 Or 102)

In the Matter of the Compensation of
Marvin L. Noffsinger, Claimant.
NOFFSINGER,
*Petitioner,*

*v.*

YONCALLA TIMBER PRODUCTS et al,
*Respondents.*

(WCB 84-12362; CA A38416)

744 P2d 295

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Darrell E. Bewley, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's denial of temporary disability benefits. We affirm.

Claimant was employed as a millworker at Yoncalla Timber. He testified that for a period of approximately two years he had been experiencing "mental stress" due to pressure and harassment at work. On April 11, 1984, he was fired. The following day he saw Dr. Wiltse for symptoms related to stress. On April 24, Wiltse filled out a form releasing claimant for "regular work" but indicating that he was not medically stationary. Wiltse explained in a letter that he was in favor of claimant's working, but not at Yoncalla. Within two weeks of claimant's discharge, he applied for unemployment benefits, which he began receiving.[1]

On May 14, 1984, claimant filed a claim for occupational stress, which we upheld on review. *SAIF v. Noffsinger,* 80 Or App 640, 723 P2d 358, *rev den* 302 Or 342 (1986). SAIF accepted the claim as nondisabling in March, 1985, and has refused to pay any temporary disability compensation. Claimant contends that he is entitled to temporary disability benefits, because he was not medically stationary and because Wiltse's release did not constitute a release to return to "regular work." SAIF argues that claimant is not entitled to temporary disability because he was released for "regular work."

■     Both parties focus on the provisions of ORS 656.268, which govern the termination of temporary disability compensation. That statute provides that "[c]laims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary * * *." ORS 656.268(1). Subsection (2) states:

> "When the injured worker's condition resulting from a *disabling injury* has become medically stationary, unless the injured worker is enrolled and actively engaged in training, the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation, if

---

[1] Claimant's request for temporary total disability is inconsistent with his claim for unemployment benefits. *See Wells v. Pete Walker's Auto Body,* 86 Or App 739, 740 P2d 245 (1987).

any, be determined. A copy of all medical reports and reports of vocational rehabilitation agencies or counselors shall be furnished to the Evaluation Division and to the worker and to the employer, if requested by the worker or employer. If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section. If the attending physician has approved the worker's return to the worker's regular employment and there is a labor dispute in progress at the place of employment, the worker may refuse to return to that employment without loss of any vocational assistance provided by this chapter." (Emphasis supplied.)

ORS 656.268 deals with the termination of benefits for, or the closure of, a claim which has previously been accepted as disabling. Here, SAIF has never paid temporary total disability benefits and has never acknowledged that the claim is disabling. Even so, SAIF relies on the language of ORS 656.286(2) for its statement that temporary total disability benefits may be terminated when a claimant has been released for regular employment. Although that factor may be relevant to a determination of whether a claimant is disabled, the statute itself does not resolve the present problem.

The direct question presented is whether claimant is or has ever been disabled from work as a result of his compensable stress claim. As recognized by the Supreme Court in *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 296, 702 P2d 403 (1985), the entire scheme of the Workers' Compensation Law is to compensate workers "for wages lost because of inability (or reduced capacity) to work as a result of a compensable injury." Claimant's doctor released him for "regular work," including the millwork that he had done before, but recommended that he not return to Yoncalla because of his reaction to stress peculiar to that work place. The evidence establishes that claimant left work at Yoncalla because he was fired, not because he was disabled. He is not precluded from working for any other employer. We conclude that he has not lost wages because of an inability to work as a result of his compensable condition and that, therefore, he is not entitled to temporary disability benefits.

Affirmed.