Argued and submitted January 31, affirmed May 9, 1990

WELCH,
*Appellant,*

*v.*

CHAMPION INTERNATIONAL CORPORATION,
*Respondent.*

(L87-1252; CA A51181)

791 P2d 152

Karen M. Werner, Eugene, argued the cause for appellant. With her on the briefs were Allan Coons and Coons & Cole, Eugene.

Leslie K. Bonney, Portland, argued the cause for respondent. With her on the brief were Tracy Pool Reeve and Stoel, Rives, Boley, Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

Plaintiff appeals from a judgment denying him reinstatement, back wages and attorney fees. He alleges that defendant committed an unlawful employment practice by refusing to reinstate him after his recovery from a compensable injury and by terminating his employment because of his personality disorder. On *de novo* review, *Millsap v. Eugene Care Center*, 68 Or App 223, 682 P2d 795 (1984), we affirm.

Plaintiff injured his back while working at defendant's wood products mill in January, 1981. He saw numerous doctors, including Dr. Black and Dr. Holmes. Between 1981 and 1984, Black intermittently released plaintiff to return to work. On each occasion, defendant reinstated plaintiff and made accommodations for his physical limitations. Every time plaintiff returned to work, however, he experienced pain attributable to his injury. In August, 1984, Black recommended that plaintiff receive vocational rehabilitation and not return to work at the mill.

Plaintiff failed to complete any vocational training. Instead, after he had completed a physical conditioning program, Black again gave him a release to return to the mill in April, 1986. Before reinstating him, however, defendant requested verification of his ability to perform his job. Black referred him to Holmes, a pain specialist, who agreed that plaintiff was physically capable of returning to work, but recommended that he not be reinstated. Holmes noted the lack of objective findings to explain plaintiff's subjective complaints and determined that plaintiff's absence from work and recurring problems were not caused by a physical impairment, but rather by a pre-existing passive aggressive personality disorder. Because the personality disorder had not improved, Holmes felt that reinjury was "almost certain" if plaintiff returned to work.[1] On the basis of that recommendation, defendant terminated plaintiff's employment.

ORS 659.415 provides that a worker who has sustained a compensable injury shall, on demand, be reinstated, provided that he is not disabled from performing the work

---

[1] We do not agree with plaintiff's counsel's suggestion that "Holmes did think plaintiff could return [to work] elsewhere." Our review of the record shows that Holmes made no such statement in his written report or during his testimony at trial.

duties. ORS 659.425 makes it an unlawful employment practice for an employer to terminate a worker's employment because of a physical or mental condition that, with reasonable accommodation by the employer, does not prevent the performance of the work involved. The decisive question, therefore, is whether plaintiff's impairment prevents him from adequately performing his work duties. As we stated in *Brown v. City of Portland,* 80 Or App 464, 722 P2d 1282, *rev den* 302 Or 460 (1986), the standard for that determination is whether there is a reasonable probability that the worker's "condition renders him unable to perform the job duties *in a manner which will not endanger himself* or others." 80 Or App at 468. *Quoting Quinn v. Southern Pacific Transportation Co.,* 76 Or App 617, 711 P2d 139, *rev den* 300 Or 546 (1986). (Emphasis supplied.)

It is undisputed that plaintiff suffers from a passive aggressive personality disorder. There was medical evidence that the disorder is characterized by a habitual resentment and opposition to demands to increase or maintain a given level of functioning. That resistance is expressed indirectly and the disorder, if severe, can impair a person's ability to function occupationally. Whether there is a reasonable probability that plaintiff's impairment "renders him unable to perform job duties in a manner which will not endanger himself or others," however, is not certain. Black, testifying on behalf of plaintiff, did not believe that the personality disorder involved a risk of reinjury. Holmes disagreed:

"I feel very definitely that [plaintiff] should not return to [the mill]. The patient has a preexisting personality disorder which has no relationship whatsoever to his industrial injury. However, this personality disorder expressed through the medium of his job related injury has led to repeated episodes of time loss injury, prolonged medical expense, and now significant retraining to no avail. Although the patient is physically capable of returning, I see no change today in his underlying personality structure. It would be unreasonable to ask the mill to resume once again the risk of reaggravation which is almost certain given the patient's past history and his passive aggressive personality. * * * [T]he real problem here is not the extent of physical impairment nor physical limitation but the severity of the underlying personality disorder."

The trial court agreed with Holmes and found that

plaintiff's disorder caused a probability of reinjury and that, therefore, defendant's action did not constitute an unlawful employment practice. Although we review *de novo,* we give substantial weight to the trial court's appraisal of conflicting testimony. *Berean Fundamental Church Council v. Braun,* 281 Or 661, 665, 576 P2d 361 (1978). Our independent review of the record discloses nothing requiring a different conclusion.

Affirmed.