Argued and submitted December 16, 1991, affirmed November 18, 1992

In the Matter of the Compensation of
Babette Stone, Claimant.

Babette STONE,
*Petitioner,*

*v.*

WHITTIER WOOD PRODUCTS
and SAIF Corporation,
*Respondents.*

(90-06254; CA A70323)

841 P2d 700

Edward J. Harri, Eugene, argued the cause for petitioner. On the brief were Donald M. Hooton and Malagon, Moore & Johnson, Eugene.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board denying her temporary partial disability. We affirm.

Claimant suffered a compensable injury to her arm in February, 1989. At that time, she was earning $6.97 per hour. In March, 1989, she was released to light-duty work and, in August, was given a raise to $7.48. In May, she voluntarily enrolled in an alcohol treatment program. Although her alcohol problem had not affected her work performance, she did have· an absenteeism problem, which was due in part to her alcohol problem. At the same time that she enrolled in the treatment program, she also entered a "last chance agreement" with employer, promising to abstain from the use of alcohol or drugs and to comply with the treatment program. Claimant again began abusing alcohol in July, 1989, and was terminated from the treatment program in September.

On August 16, claimant had arm surgery. She returned to modified work on August 23 and was allowed to remain at her previous pay of $7.48 per hour, even though she was assigned to a lower-paying job. On September 11, employer terminated her for absenteeism and failure to adhere to the terms of the last chance agreement. She was declared medically stationary on December 4, 1989. SAIF paid time loss up to September 11, but refused to pay it after termination.

Claimant requested a hearing, contending that she was entitled to TPD from the date of her termination September 11, 1989, to her medically stationary date, December 4, 1989. The referee determined that, under *Safeway Stores v. Owsley*, 91 Or App 475, 756 P2d 48 (1988), claimant was not entitled to TPD after her termination. The Board adopted the referee's order on review.

■ Under *Owsley*, if an injured worker returns to work earning the same or higher wages than before the injury and is terminated for reasons not related to the injury, the worker is not entitled to temporary benefits after the termination date. 91 Or App at 479. When claimant was terminated, she was earning a higher wage than at the time of the injury, and

her termination was not based on her injury. Accordingly, as the Board concluded, she was not entitled to TPD.

Claimant argues, however, that the *Owsley* rule should not apply if the termination was unlawful. She contends that she was discharged because of her alcohol problem, in violation of ORS 659.425(1)[1] and public policy, and that, before the Board could determine her entitlement to compensation, it was first required to determine whether she was unlawfully discharged.

■■ We do not agree that the Board must first determine whether a termination is in conformance with statutory provisions other than the Workers' Compensation Act before it can determine a claimant's entitlement to workers' compensation benefits. So long as a termination is not for reasons related to the injury and the worker is earning wages equal to or greater than those received at the time of the injury, there is no entitlement to temporary benefits after the termination date. *Safeway Stores v. Owsley, supra.* If claimant is correct that her termination was in violation of ORS 659.425, she may be entitled to remedies that are available under that statutory scheme. *See Welch v. Champion International Corp.*, 101 Or App 511, 791 P2d 152 (1990).[2]

Claimant also argues that she is entitled to TPD after the termination, because her earning capacity at that time

---

[1] ORS 659.425(1) provides that it is unlawful for an employer to dismiss an employee because

"(a) An individual has a physical or mental impairment which, with reasonable accommodation by the employer, does not prevent the performance of the work involved;

"* * * * *

"(c) An individual is regarded as having a physical or mental impairment."

[2] The referee's opinion, which the Board adopted, says:

"Claimant argues that she was discharged because of her disability and not because of any impairment on the job. She argues that discharge because of disability is against public policy, and that an unlawful discharge should not trigger the *Owsley* rule. I am inclined to agree that the standard for termination *should be* impairment on the job rather than consumption of an intoxicating substance off the job. I do not find that the argument claimant is making here *is presently* the law. This is not the forum to create new law in this matter." (Emphasis in original; footnote omitted.)

The referee's comment as to the present state of the law was *dictum*, and we express no opinion as to its correctness.

was not equal to or greater than her earning capacity at the time of the injury. She acknowledges that her wages when she was terminated were greater than her wages in February, the time of her injury, but contends that that does not matter, because employer was paying her more than other workers in the same position. Claimant's argument is without merit. The Board properly considered her actual wages at the time of the termination.

Affirmed.