Argued and submitted December 7, 1993, affirmed April 20, 1994

In the Matter of the Compensation of
Randel G. Jensen, Claimant.
RSG FOREST PRODUCTS,
*Petitioner,*

*v.*

Randel G. JENSEN,
*Respondent.*
(WCB 92-02227; CA A80028)

873 P2d 324

Jeffrey S. Love argued the cause for petitioner. With him on the brief were Scott P. Monfils and Lane Powell Spears Lubersky.

Gordon S. Gannicott argued the cause for respondent. With him on the brief was Hollander, Lebenbaum & Gannicott.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board affirming the referee's award to claimant of interim compensation. We affirm.

Claimant began having severe wrist and hand problems while working for employer. Claimant's supervisor told him that he would like to avoid having claimant file a workers' compensation claim and placed claimant in a light-duty job for a few days. Employer then transferred claimant to a position that involved less repetitive use of his hands than did his original job, but claimant's problems continued. Claimant did not file a claim or see a doctor, because he feared losing his job. In September, 1991, claimant suffered an unrelated injury while working. Employer required him to undergo a urinalysis, which tested positive for marijuana. Employer fired claimant, but contacted him one month later to see if he wanted to return to work. Claimant declined, because he was still experiencing hand and wrist problems. Claimant then worked several short-term jobs, but could not continue working because of those problems.

Claimant consulted a doctor, who found that claimant was disabled from regular work due to his compensable hand and wrist condition. The doctor released claimant to modified work. However, claimant's limited work skills and the restrictions placed upon him by the doctor effectively precluded claimant from finding modified work. Claimant filed this claim in November, 1991, and employer denied it. The Board affirmed the award to claimant of interim compensation from the date of the claim through the date of employer's denial of the claim and affirmed the award of attorney fees under ORS 656.382(2). Employer seeks review of the Board's order.

Employer contends that our decisions in *Safeway Stores v. Owsley*, 91 Or App 475, 756 P2d 48 (1988), and *Dawes v. Summers*, 118 Or 15, 845 P2d 1308 (1993), "are controlling and [require] reversal of the Board's order on Reconsideration," arguing that claimant is not entitled to interim compensation, because he did not leave work as a result of his injury. Claimant argues that those cases are inapposite, and that the Board correctly relied on *Nix v. SAIF*,

80 Or App 656, 723 P2d 366 (1986), in affirming the award of interim compensation.

■ In order to qualify for interim compensation, a claimant must establish that he or she has left work or suffered a loss of earnings as a result of an injury. *Bono v. SAIF*, 298 Or 405, 410, 570 P2d 70 (1977); *Safeway Stores v. Owsley, supra.*

■ We agree with claimant that the analysis in *Nix v. SAIF, supra*, is instructive in this case. In *Nix*, a claimant suffered an injury while driving the employer's truck. The employer learned of the accident that day and fired the claimant. The claimant could not work for two weeks after the accident because of his injuries. However, he contended that he was entitled to interim compensation from the date of the accident to the date that SAIF accepted his claim. The Board found that the claimant was "away from work" for only two weeks as a result of his injuries. The Board awarded him interim compensation for that period, although claimant had been fired on the day of the accident. We affirmed, saying:

> "Claimant in this case was away from work after recovering from his injuries for reasons that were unrelated to his injury: He had been fired. Therefore, after claimant's two weeks of disability, he was not entitled to interim compensation." 80 Or App at 659.

Relying on *Bono v. SAIF, supra*, we agreed with the Board that the claimant was not entitled to interim compensation after he had recovered from the accident, because he was not "away from work" as a result of his injuries. After the claimant's recovery, any time loss or loss of earnings he suffered was unrelated to his injuries.

■ ■ *Nix* stands for the proposition that, in deciding whether an award of interim compensation is appropriate, the question is whether an injured worker has suffered a loss of earnings because of an injury, not whether the worker has left a *particular* job as a result of that injury. *See Weyerhaeuser Co. v. Kepford*, 100 Or App 410, 441, 786 P2d 745, *rev den* 310 Or 71 (1990); *Noffsinger v. Yoncalla Timber Products*, 88 Or App 118, 744 P2d 295 (1987), *rev den* 305 Or 102 (1988). We conclude that, if a claimant is injured at work, but leaves that job for reasons unrelated to the injury, interim compensation may be appropriate. If a claimant is in the work

force, but has suffered a loss of earnings as a result of the injury, the claimant may be entitled to interim compensation.

Notwithstanding our decision in *Nix*, employer argues that *Safeway Stores v. Owsley, supra*, and *Dawes v. Summers, supra*, require us to reverse the Board. *Owsley* and *Dawes* involved the termination of temporary partial disability benefits on an accepted claim. In both cases, the workers returned to modified work and were fired for reasons unrelated to their injuries. We held that the claimants were not entitled to temporary partial disability benefits. In *Owsley*, our analysis focused on whether the claimant would have been entitled to *any* temporary disability benefits had she not been fired. Because the claimant was earning more at the time she was fired than she was earning at the time of her injury, we concluded that her earnings had not been diminished as a result of her injury, and that she was not entitled to temporary partial disability benefits. The fact that the employer fired the claimant for reasons unrelated to her injury was of marginal significance to our analysis. 91 Or App at 480. In *Dawes*, the claimant did not seek other work after being fired. We concluded that after being fired, she had not lost wages as a result of her compensable inury.

Here, employer's argument is predicated on its assertion that claimant returned to modified work after his injury and was then fired for reasons unrelated to his injury. Employer's version of the facts is not supported by the Board's findings. The Board found that, after employer became aware of claimant's injury, employer asked him not to file a claim. Employer placed claimant on light-duty work for a few days and then transferred him to a position where his problems persisted. Claimant was then fired for reasons unrelated to his injury. We conclude that the facts in this case are distinguishable from those in *Owsley* and *Dawes*, and that those cases do not apply.

■       Employer also argues that, if claimant was not precluded from receiving interim compensation after being fired, the "burden of proof is on claimant to establish what temporary disability benefits, if any, he would have been entitled to had he not been fired." Employer's argument rests on its assertion that "it made clear to claimant that it wanted him to return to light duty work by placing him on modified

employment after his injury and offering reemployment thirty days after he was discharged." Employer contends that, because claimant refused to return to work for employer, he was not entitled to interim compensation. Employer offered to resinstate claimant several weeks *before* claimant filed a claim. We agree with the Board that, because claimant was not working for employer when he filed the claim, any discussion of *potential* modified jobs with employer would be speculative.[1] At the time claimant filed this claim, he was in the work force and had made reasonable efforts to find employment. We agree with the Board that the work restrictions placed on claimant resulted in a loss of earnings.

Because claimant "left work" and suffered a loss of earnings related to his injury, the fact that employer fired claimant for reasons unrelated to his injury does not preclude him, in this case, from receiving interim compensation.

Employer's remaining arguments do not require discussion.

Affirmed.

---

[1] There is no evidence in the record that employer offered claimant work of any kind after he filed the claim.