Argued February 27, reversed April 3, reconsideration denied May 10, petition for review denied June 13, 1978, 282 Or 537

GANTENBEIN et ux, *Respondents,*

*v.*

PUBLIC EMPLOYES' RETIREMENT BOARD,
*Appellant.*

(No. A 76-06-08948, CA 8787)

576 P2d 1257

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Jack L. Kennedy, Portland, argued the cause for respondents. With him on the brief were Allen Reel, and Kennedy, King & McClurg, Portland.

John R. Faust, Jr., filed a brief amicus curiae on behalf of Richard Burke, Richard Mengler and Henry Kaye.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal by defendant from a decree of the circuit court granting plaintiff declaratory relief. Plaintiff,[1] a judge, was elected to the district court in 1950 and took office in 1951. He was re-elected four times and served continuously as a district court judge until his retirement in 1975 at age 65. Oregon Laws 1943, ch 294, established a Judges' Retirement Fund for supreme court and circuit court judges which provided for contributions by judges and retirement benefits of $200 per month. Oregon Laws 1949, ch 315, § 2, amended the retirement benefit provisions of the 1943 Act and established a monthly retirement benefit of 50 percent of the monthly salary received by a judge at the time of his retirement. Oregon Laws 1963, ch 464, § 6, limited the maximum retirement pay to $9,500 annually for supreme court judges and $8,250 annually for circuit court judges. Prior to 1969, district court judges did not participate in the Judges' Retirement Fund. Instead, they contributed to and were members of the Public Employes' Retirement System (PERS) pursuant to Oregon Laws 1953, ch 200. Plaintiff began to make his contributions to PERS in 1953.

The 1969 Legislative Assembly enacted Oregon Laws 1969, ch 332, which allowed district court judges to become members of the Judges' Retirement Fund. The pertinent sections of the Act provide:

"Section 12. Upon the passage of this Act, a district judge may elect to qualify for the benefits herein provided effective as of any date between which such district judge first took office, and the effective date of this Act, by filing with the Public Employes' Retirement Board, and the Secretary of State, not later than December 31, 1969, a written declaration that he desires to take the benefits of this Act, and consents that such portion of his salary may thereafter be deducted and paid into the Judges' Retirement Fund as provided by

---

[1] Plaintiff, as used in this opinion, refers to the plaintiff judge involved in this suit. The plaintiff judge died during the pendency of this suit and the suit was subsequently continued by his widow.

law. The election by the district judge to take the benefits of this Act is irrevocable.

"Section 13. A district judge who elects to become a contributor to the Judges' Retirement Fund shall have his contribution to the Public Employes' Retirement System together with the matching funds of the State of Oregon transferred to the Judges' Retirement Fund as of the date of his election to contribute to the Judges' Retirement Fund. In the event the transferred contributions do not equal the amount which would have been paid into the Judges' Retirement Fund from the date he became a contributor to the Judges' Retirement Fund such difference between the transferred contributions and the amount he would have been required to pay under the Judges' Retirement Fund had he been a contributor throughout his years of service as a district court judge, based on salary and applicable rates of contribution during the period, shall be paid to the Judges' Retirement Fund by the district judge at the time he elects to take the benefits herein provided. In the event the transferred contributions are in excess of the amount required under the Judges' Retirement Fund, such excess shall be refunded to the district judge and to the State of Oregon on a pro rata basis. For purposes of ORS 1.318 and 1.360, a district court judge who makes the election to contribute to the Judges' Retirement Fund under this section shall be considered to have contributed to the fund for all the years he has served as a district judge.

"* * * * *

"Section 16. ORS 237.013 is amended to read:

"237.013. Each district court judge who is a member of the Public Employes' Retirement System shall continue to be a member of the system * * * *unless he elects to become a member of the Judges' Retirement Fund pursuant to sections 12 to 14 of this 1969 Act.* Except as otherwise provided in this section, such district court judges shall be governed by the provisions of ORS 237.001 to 237.315 applicable to other persons holding elective offices who may become members of the system.

"Section 17. No judge who is contributing to the Judges' Retirement Fund on the effective date of this Act shall receive a lesser amount of retirement pay under

this Act than he would have been entitled to receive upon retirement under ORS 1.314 to 1.380 prior to the effective date of this Act."

Section 7 of Oregon Laws 1969, ch 332, limited the amount of monthly retirement pay a supreme court judge, circuit court judge and district court judge could receive to 1/12 of 45 percent of the judge's final average pay:

"Section 7. ORS 1.340 is amended to read:

"1.340. (1) As used in this section, 'final average pay' means the average salary per calendar year paid to a judge:

"(a) In five of the last 10 calendar years of service next preceding his termination and in which five years he was paid the highest salary; or

"(b) If the number of last calendar years of service before he reaches the age of qualification for retirement is less than 10 and more than five, in five of those years in which he was paid the highest salary.

"(2) Every judge or former judge * * * who is qualified under ORS 1.310 to 1.330 for retirement pay shall be entitled to receive monthly during the period of his natural life out of the Judges' Retirement Fund, an amount equal to one-twelfth of * * * *45 percent of his final average pay,* to be paid * * * *him* on or before the tenth day of each month following the date of such retirement. The first payment shall be computed on a pro rata basis from the date of retirement to the end of that month.

"* * * * *." (Emphasis deleted in section 1(a) and (b); emphasis supplied in section (2).)

Subsequent to the enactment of Oregon Laws 1969, ch 332, plaintiff elected to take benefits under the Judges' Retirement Fund. His contributions to PERS, together with the state matching funds, referred to in Oregon Laws 1969, ch 332, § 13, were transferred to the Judges' Retirement Fund. Plaintiff then paid the difference between the amount transferred and the amount he would have paid into the Judges' Retirement Fund had he been a contributor throughout his years as a district court judge—approximately $5,000.

Plaintiff expected to receive monthly retirement benefits at the rate of 50 percent of his monthly final salary at the time of his actual retirement. This expectation arose after the State Attorney General issued Opinion No. 6691, 34 Op Att'y Gen 942 (1970). The opinion advised that a supreme court judge whose service began prior to 1961 and who was eligible for retirement in 1970 should be paid a monthly retirement benefit of 50 percent of his monthly salary at the time of his retirement as provided for by Oregon Laws 1949, ch 315, § 2, rather than the 45 percent benefit provided for by Oregon Laws 1969, ch 332, § 7. The opinion indicated that a supreme court judge acquired a vested contractual right at the time he began employment to the 50 percent benefit rate which could not be modified by subsequent legislation. Plaintiff believed that he too would be eligible for the 50 percent retirement benefit.

Plaintiff retired from his position as district court judge in August, 1975. He applied for retirement benefits and requested, through the Director of PERS, an opinion from the Attorney General on the issue of whether Attorney General Opinion No. 6691 was applicable to a district court judge. Attorney General Opinion No. 7208, 37 Op Att'y Gen 825 (1975), stated that Opinion No. 6691 was not applicable to district court judges and that the plaintiff would only be entitled to a monthly retirement benefit of 1/12 of 45 percent of his final average salary. Defendant began paying plaintiff's monthly retirement benefits in accord with Opinion No. 7208.

Plaintiff then filed a complaint for declaratory judgment requesting that the circuit court declare (1) that he was "entitled to receive benefits at the rate of 50 percent of final salary," and (2) that Oregon Laws 1969, ch 332, § 7, was unconstitutional as applied to plaintiff. The circuit court declared that the plaintiff was entitled to receive retirement benefits at the 50 percent rate and that the defendant's failure to pay plaintiff his retirement benefit at this rate was a

denial of equal protection and due process. Defendant appeals from that declaratory judgment.

Plaintiff argued in circuit court that Oregon follows the rule that retirement benefits are part of an employe's promised but delayed compensation for the performance of his job and that such benefits become a vested contractual right at the time of acceptance of employment. Oregon Laws 1969, ch 332, § 13, stated that a district judge who wished to become a member of the Judges' Retirement Fund was required to contribute to the Fund an amount equal to that which would have been contributed had the judge been a member of the Fund throughout all his years of service as a district court judge. Plaintiff contended that section 13 placed him in the same position as a supreme court or circuit court judge who had been a member of the Judges' Retirement Fund since 1953, the year plaintiff began contributing to the PERS. Thus, plaintiff argued, relying on Attorney General Opinion No. 6691, he was entitled to receive the same retirement benefit as a supreme court or circuit court judge who had originally been contributing to the Fund since 1953—namely 50 percent of plaintiff's monthly salary at the time of retirement.

■■ We accept plaintiff's initial premise that Oregon follows the rule that retirement benefits become a vested contractual right at the time of acceptance of employment. In *Taylor v. Mult. Dep. Sher. Ret. Bd.,* 265 Or 445, 451, 510 P2d 339 (1973), the Supreme Court concluded that

> "* * * Oregon has adopted not only the contractual concept of pensions, but, also, the concept that contractual rights can arise prior to completion of the service necessary to a pension * * *."

*Taylor* involved an employe who requested that the defendant grant her coverage under a newly adopted retirement plan. The defendant, however, refused to cover her under the plan and accepted no contributions from her. Nine months later the plan was amended in such a fashion as to clearly exclude the plaintiff from

[ 315 ]

its scope. The Supreme Court found that the plaintiff was entitled to coverage under the initial plan and that "[t]he adoption of the [retirement] plan was an offer for a unilateral contract." 265 Or at 452. The court stated that the plaintiff accepted the offer by asking to be covered under the initial plan and tendering contributions, thus acquiring a vested contractual right to the benefits provided under the initial plan. Thus, *Taylor* concluded, the plaintiff there could not be excluded from coverage under the plan amendment.

However, neither *Taylor* nor any other decision cited by the plaintiff here is authority for the conclusion that plaintiff has a vested right to receive a 50 percent monthly retirement benefit. Plaintiff acquired vested contractual rights under PERS when he accepted the offer of membership in that plan in 1953—rights which could not have been destroyed by any retirement plan created *after* 1953, had plaintiff remained a member of PERS. Plaintiff presently has vested contractual rights in the Judges' Retirement Fund acquired in 1969 when he accepted the offer of Oregon Laws 1969, ch 332, to become a member of the Fund—rights which cannot be destroyed by a retirement plan created *after* 1969. However, the vested contractual rights acquired by plaintiff by his 1969 membership in the Judges' Retirement Fund do not encompass those rights acquired by previous members of the Fund *before* 1969. *Taylor* simply holds that an employe who accepts an initial retirement plan offer has vested contractual rights under the offer which cannot be altered by a second plan put into effect *after* the initial plan has been accepted by the employe—it does not hold that the rights acquired under the second plan operate retroactively to the date of acceptance of the offer of the first plan, as plaintiff contends.

Having concluded that plaintiff had no vested right to the 50 percent monthly retirement rate established prior to 1969, we must now look solely to the terms of the offer for a unilateral contract made to the plaintiff

by Oregon Laws 1969, ch 332, in order to establish whether it provided for a retirement benefit of 45 percent or 50 percent. After examining the terms of the 1969 Act, we conclude that it provides for a monthly retirement benefit of 1/12 of 45 percent of the plaintiff's final average pay for three reasons. First, we note that Oregon Laws 1969, ch 332, § 7(2), specifically so provides:

"(2) Every judge or former judge * * * who is qualified under ORS 1.310 to 1.330 for retirement pay shall be entitled to receive monthly during the period of his natural life out of the Judges' Retirement Fund, an amount equal to one-twelfth of * * * *45 percent of his final average pay,* to be paid * * * *him* on or before the tenth day of each month following the date of such retirement. The first payment shall be computed on a pro rata basis from the date of retirement to the end of that month."

That the legislature intended that the 45 percent benefit rate be applied to district court judges is further indicated by Oregon Laws 1969, ch 332, § 12:

"Upon the passage of this Act, a district judge may elect to qualify for the benefits *herein provided* * * *." (Emphasis supplied.)

The quoted language demonstrates that the legislature specifically intended that district court judges receive retirement benefits at the 45 percent rate set forth in Oregon Laws 1969, ch 332, § 7(2).

3. Second, we note that section 13 of Oregon Laws 1969, ch 332, provides:

"* * * For purposes of ORS 1.318 and 1.360, a district court judge who makes the election to contribute to the Judges' Retirement Fund under this section shall be considered to have contributed to the fund for all the years he has served as a district judge."

Section 13 expressly indicates that a district court judge is to be considered a contributor to the Judges' Retirement Fund for all years he has served as a judge

for the purposes of ORS 1.318 and 1.360. ORS 1.318[2] provides that a person who has served as a judge for 16 years and contributed to the Judges' Retirement Fund for that period may receive the retirement pay authorized by ORS 1.340 upon reaching age 65, even though he no longer holds judicial office at age 65—it does not concern the amount of retirement benefits which may be received by a judge. Similarly, ORS 1.360[3] concerns itself only with the amount which may

---

[2]ORS 1.318 provides:

"(1) Any person who has served as a judge for an aggregate period of 16 years, who has contributed to the Judges' Retirement Fund for a period of 16 years, even though he ceases to hold such judicial office before attaining 65 years of age may, upon or at any time after attaining 65 years of age, receive the retirement pay provided in ORS 1.340.

"(2) Upon or after attaining 65 years of age, the judge may apply for retirement pay in the manner provided in ORS 1.326."

[3]ORS 1.360 provides:

"(1) Except as provided in subsections (2) to (4) of this section, for the purpose of providing moneys in the Judges' Retirement Fund, seven percent shall be deducted from the monthly salary received from the state by each judge and paid into the fund by the Executive Department. Whenever there is insufficient money in the fund to meet retirement payments based on obligations vested as of September 2, 1963, the additional amount necessary shall be withdrawn from the General Fund and placed in the Judges' Retirement Fund. The Deductions and withdrawals shall be made on or before the 10th day of each month. Upon the death of any judge either during his term of office or after his retirement, all his rights in the fund shall terminate and no right or interest therein shall pass to his estate. No right or interest in the fund of any surviving spouse entitled to a pension as provided in ORS 1.340 shall survive his death or remarriage.

"(2) No deduction shall be made from the salary of any judge who, by reason of the age at which he became a judge, cannot become eligible for retirement pay under the provisions of subsection (2) of ORS 1.314, but neither such a judge nor his suriviving spouse is entitled to any benefit under ORS 1.314 and 1.318 to 1.340.

"(3) No deduction shall be made from the salary of any judge who is appointed to a court and who, by reason of the age at which he became a judge, cannnot become eligible for retirement pay under the provisions of subsection (2) of ORS 1.314. However, if the ineligible judge is a district court judge appointed to another court, he shall retain his membership in the Public Employes' Retirement System under ORS 237.001 to 237.320.

"(4) No deduction shall be made from the salary of any judge after he has contributed to the Judges' Retirement Fund for an aggregate period of 16 years."

be deducted from a judge's salary. The failure of the legislature to deem a district court judge as having contributed to the Judges' Retirement Fund for all the years he has served as a district court judge for the purpose of the *amount* of his retirement benefit is some indication that it did not so intend and that it desired a district court judge to receive benefits at the 45 percent rate. The inclusion of specific matter in a statute tends to imply a legislative intent to exclude related matters not mentioned. *See Smith v. Clackamas County,* 252 Or 230, 233, 448 P2d 512 (1968).

Third, we note that Oregon Laws 1969, ch 332, § 17, appears to directly dispose of the argument advanced by plaintiff. Section 17 provides:

"No judge *who is contributing* to the Judges' Retirement Fund *on the effective date* of this Act shall receive a lesser amount of retirement pay under this Act than he would have been entitled to receive upon retirement under ORS 1.314 to 1.380 prior to the effective date of this Act." (Emphasis supplied.)

The plaintiff was not contributing to the Judges' Retirement Fund *on* the effective date of Oregon Laws 1969, ch 332. Therefore, to allow him to receive retirement benefits at a rate higher than that set by the Act would violate the legislative intent expressed in section 17.

Finally, plaintiff contended in the circuit court that Oregon Laws 1969, ch 332, denies him equal protection. Suffice it to say we see no equal protection problem.

Reversed.