Argued and submitted March 29, affirmed September 28, 1988

In the Matter of the Compensation of
Everett S. Standley, Claimant.
PACIFIC MOTOR TRUCKING COMPANY,
*Petitioner,*

*v.*

STANDLEY,
*Respondent.*
(WCB 85-13382, 86-02530; CA A45029)

761 P2d 930

Thomas W. Sondag, Portland, argued the cause for petitioner. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

James L. Edmunson, Eugene, argued the cause for

respondent. With him on the brief were Malagon & Moore, Eugene, and Karen M. Werner, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Employer seeks review of a Workers' Compensation Board order which affirmed the referee's order increasing claimant's award of unscheduled permanent partial disability from 40 percent to 65 percent and awarding attorney fees. We affirm.

Claimant was compensably injured in April, 1980. He suffered shoulder and neck injuries, fractured two fingers on his left hand and received a concussion. He was released to return to work in May, 1980. He received temporary total disability (TTD) for the time he missed, and 10 percent permanent partial disability (PPD) for loss of the use of his left hand. He continued to work for employer until May, 1983, when he retired.

On December 7, 1983, claimant returned to his treating physician, complaining of increasing problems with neck pain radiating into the right arm and constant headaches. Employer reopened the claim and agreed to pay for medical services but refused to pay time loss, because claimant had retired. Claimant requested vocational assistance. The Director determined that he was ineligible, because he had retired. Claimant requested a hearing on that decision and on employer's denial of TTD. The referee concluded that claimant had retired and upheld the denial of vocational assistance and TTD. We affirmed. *Standley v. Pacific Motor Trucking,* 80 Or App 791, 722 P2d 1294, *rev den* 302 Or 194, 727 P2d 977 (1986).

In November, 1985, while claimant's TTD claim was pending, he was found to be medically stationary, and a determination order was issued awarding him 40 percent PPD. He requested a hearing, seeking additional PPD. Employer argued that claimant was not entitled to any PPD, because he had retired before the aggravation claim giving rise to the November, 1985, determination order. The referee concluded that claimant was disabled more than 40 percent and granted an additional 25 percent PPD. The Board affirmed.

Employer does not challenge the extent of claimant's disability. However, it contends that claimant is not entitled to PPD benefits, because he is not a "worker" within the meaning of the Workers' Compensation statutes, relying on

*Cutright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985). Employer's reliance on *Cutright* is misplaced. That case held that retired persons are not entitled to TTD payments, because TTD payments are based on lost wages, ORS 656.210, and retired persons have no wages. PPD payments, on the other hand, compensate for loss, or loss of use, of body parts or loss of earning capacity. ORS 656.214. A person who suffers an increase in permanent disability due to aggravation of a compensable injury is entitled to increased compensation if the injury is a material cause of the increased disability, whether or not the aggravation occurs on the job. ORS 656.273; *see Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981); *Crumley v. Combustion Engineering,* 92 Or App 439, 758 P2d 878 (1988). We conclude that the same rule applies to persons who are retired at the time of the aggravation.[1]

Affirmed.

---

[1] Implicit in our opinion is our conclusion that a person is a "worker" for purposes of increased disability benefits for aggravation if he or she was a "worker" at the time of the original compensable injury, whether or not he or she is retired at the time of the aggravation. *See* ORS 656.005(27); ORS 656.003.