Argued and submitted October 14, reversed and remanded for reconsideration
December 4, 1991

In the Matter of the Compensation of
William J. Wilson, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

William J. WILSON,
*Respondent.*

(WCB 89-09198; CA A68590)

821 P2d 426

Adam T. Stamper, Medford, argued the cause for petitioner. With him on the brief were H. Scott Plouse and Cowling & Heysell, Medford.

Jim L. Scavera, North Bend, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks judicial review of a Workers' Compensation Board order that reversed the referee and required employer to pay claimant temporary total disability (TTD) benefits. We reverse and remand for reconsideration.

In September, 1988, claimant sustained a compensable injury. He was taken off work and began receiving TTD benefits. In March, 1989, employer offered claimant physician approved modified work. When claimant arrived at the designated job site, he encountered a labor dispute and refused to cross the picket line. Relying on *former* OAR 436-60-030(5), employer considered claimant's failure to report for work to be a refusal of wage earning employment and terminated TTD benefits.[1] Claimant sought a hearing, and the referee upheld employer's termination. The Board reversed. We review its order for errors of law and substantial evidence. ORS 183.482(7), (8).

■ *Former* OAR 436-60-030(5) provided:

"An insurer shall cease paying temporary total disability compensation and start making payment of such temporary partial disability compensation as would be due in section (1) when an injured worker refuses wage earning employment prior to claim determination under the following circumstances:

"(a)   the attending physician has been notified by the employer or insurer of the specific duties to be performed by the injured worker and the physical requirements thereof;

"(b)   the attending physician agrees that the offered employment appears to be within the worker's capabilities; and

"(c)   the employer has provided the injured worker with a written offer of the employment which states the beginning time, date and place; the duration of the job if known; the wage rate payable; an accurate description of the job duties and that the attending physician has said the offered employment appears to be within the worker's capabilities."

---

[1] Because employer offered modified work at claimant's pre-injury rate of pay, employer did not pay any temporary partial disability benefits after terminating claimant's TTD. If employer had properly terminated TTD, that action was also proper. *See former* OAR 436-60-030(2).

An employer seeking to rely on that rule to justify a termination of TTD benefits must fully comply with its procedural requirements. *Eastman v. Georgia Pacific Corp.*, 79 Or App 610, 613, 719 P2d 1310 (1986). The Board found such compliance, and that finding is supported by substantial evidence.[2] Therefore, the issue here is whether claimant impermissibly refused wage earning employment.

Claimant argues that he did not impermissibly refuse wage earning employment, because it would have been unreasonable for him to cross the picket line.[3] He also argues that he could not be penalized with a loss of TTD benefits, because his refusal to report for work resulted from his participation in a labor dispute. Employer argues that it is irrelevant why claimant refused to work. It contends that, if approved work was available, claimant had to accept that work, unless his refusal was legally justified. We agree.

■ The legislature intended temporary disability benefits to provide replacement for wages lost because of a compensable injury. *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 296, 702 P2d 403 (1985). In the absence of a legislative direction to the contrary, TTD benefits are not available if the loss results from other than the compensable injury. When a claimant refuses physician approved modified work under *former* OAR 436-60-030(5), resulting wage loss is not caused by the compensable injury. Therefore, unless the legislature authorized that refusal, wage loss benefits are not available.

■ ORS 656.268(9) (*since amended by* Or Laws 1990 (Special Session), ch 2, § 16)[4] provided:

> "If the attending physician has approved the worker's return to work and there is a labor dispute in progress at the place of employment, the worker may refuse to return to that employment without loss of reemployment rights or any vocational assistance provided by this chapter."

---

[2] The record contains employer's written offer of employment. That offer letter, with enclosures, supports the Board's finding that employer fully complied with the procedural requirements of *former* OAR 436-60-030(5).

[3] Claimant contends that, if he had crossed the picket line, he would have lost $10 per month of union benefits and would have been shunned by his fellow workers, and his supervisor would not have had coffee with him.

[4] That amendment renumbered ORS 656.268(9) as ORS 656.268(12) but did not otherwise alter its substance. We refer to the previous version.

That statute expressly declares that workers who participate in labor disputes will not lose reemployment rights or vocational assistance benefits. It does not expressly protect a worker's right to TTD benefits for wage replacement.

■    The legislature's failure to include TTD benefits within the protection of ORS 656.268(9) indicates that it did not intend those benefits to be available to claimants who lose wages due to an election to participate in a labor dispute. The inclusion of specific matters in a statute implies a legislative intent to exclude related matters not mentioned. *Gantenbein v. PERB*, 33 Or App 309, 319, 576 P2d 1257, *rev den* 282 Or 537 (1978). Therefore, we hold that claimant's participation in a labor dispute did not justify his refusal of work.

Reversed and remanded for reconsideration.