Argued and submitted January 27, affirmed September 9, 1992

In the Matter of the Compensation of
Lester M. Gibson, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Lester M. GIBSON,
*Respondent.*

(WCB 89-25661; CA A69292)

836 P2d 1365

Adam T. Stamper, Medford, argued the cause for petitioner. With him on the brief was Cowling & Heysell, Medford.

Glen H. Downs, Portland, argued the cause for respondent. With him on the brief were J. Michael Casey and Doblie & Associates, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Durham, J., concurring.

## RICHARDSON, P. J.

Employer seeks review of an order of the Workers' Compensation Board that reversed its denial of temporary total disability benefits (TTD) to claimant. The parties agree that the issue is whether, at the time that claimant's aggravation occurred, he had withdrawn from the work force and was therefore not entitled to TTD.

The parties accept the findings of the referee that were adopted by the Board. Claimant sustained a compensable low back injury in April, 1988, at employer's mill. Despite persistent back and leg pain, he continued to work. On January 10, 1989, he went on strike with his union. The low back and leg symptoms became extremely acute and, on January 27, 1989, a neurosurgeon diagnosed a herniated disc related to his compensable injury. He had surgery on March 28, 1989. The strike ended in May, 1989, and claimant returned to work with employer. He sought, *inter alia*, TTD from January 27, 1989, until the end of the strike. Employer denied benefits because claimant had voluntarily withdrawn from the work force during the strike.

The Board held that claimant had not withdrawn from the work force, relying on its decision in *Ellis N. Phillips*, 43 Van Natta 231 (1991). On review, we reversed that decision. *Roseburg Forest Products v. Phillips*, 113 Or App 721, 833 P2d 1359 (1992). Employer argues that the cases are identical and so the decision should be the same.

Although there are striking similarities in the two cases, there are material differences that dictate a different result. In *Phillips*, we recited the relevant inquiry from *Dawkins v. Pacific Motor Trucking*, 308 Or 254, 778 P2d 497 (1989):

"A claimant is deemed to be in the work force if:

"a. The claimant is engaged in regular gainful employment; or

"b. The claimant, although not employed at the time, is willing to work and is making reasonable efforts to obtain employment * * *; or

"c. The claimant is willing to work, although not employed at the time and not making reasonable efforts to obtain employment because of a work-related injury, where

such efforts would be futile." 308 Or at 258. (Citations omitted.)

In *Phillips*, the claimant was on strike, not willing to work for the employer and was not seeking any other work. We concluded that, under the criteria of *Dawkins*, he had voluntarily left the work force during the strike.

Claimant testified that his wife was disabled and he needed to work and that, in the past, he had always sought other employment when there was a work stoppage. He would have gone to work someplace else during the strike if he had been able to work. The Board found, "If not for his back and leg symptoms [claimant] would have worked elsewhere during the strike." Unlike the claimant in *Phillips*, claimant had not withdrawn from the work force when the aggravation of his injury occurred. He is not foreclosed from receiving TTD.

Affirmed.

**DURHAM, J.,** concurring.

I concur with the court's decision. However, my concurrence should not be construed to imply that I agree with the holding in *Roseburg Forest Products v. Phillips*, 113 Or App 721, 833 P2d 1359 (1992).