Argued and submitted April 30, affirmed August 4, 1993

In the Matter of the Compensation of
David R. Boyles, Claimant.

David R. BOYLES,
*Petitioner,*

*v.*

LUM AND UTTI
and Safeco Insurance Company,
*Respondents.*

(91-05958; CA A75549)

857 P2d 227

Jan H. Faber, Astoria, argued the cause for petitioner. With him on the brief was Patrick Lavis, P.C., Astoria.

Jerald P. Keene, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Before Deits, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant seeks review of a Workers' Compensation Board order that terminated temporary total disability benefits (TTD) because of his failure to accept modified employment. We affirm.

Claimant began receiving TTD on March 11, 1991. His union went on strike against his employer on May 1, 1991. TTD continued after the strike began. Claimant's physician released him to modified employment beginning June 17, 1991. Employer offered him, in writing, a clerical job at $11.35 per hour, to begin on that date. Claimant found the job acceptable, but declined it because it would have required him to cross the picket line. Employer then terminated claimant's TTD and paid him temporary partial disability benefits (TPD) until July 22, 1991, when claimant began to work for another employer.

TTD may be terminated if the

"attending physician * * * release[s the claimant] to return to modified employment, such employment is offered in writing to the [claimant] and the [claimant] fails to begin such employment." ORS 656.268(3).

Claimant contends that TTD was improperly terminated on June 17, 1991, and that he was entitled to TTD between June 17, 1991, and July 22, 1991. At the hearing, he argued that his participation in a labor dispute excused his refusal of modified employment. That issue has since been resolved against him. *Roseburg Forest Products v. Wilson*, 110 Or App 72, 76, 821 P2d 426 (1991).

He also argues that there was no offer of modified employment, because what was offered was a sham. Assuming that that argument was adequately raised at the hearing, substantial evidence supports the Board's finding that there was an offer of modified employment.

Affirmed.