In the Matter of the Compensation of
Kati A. Hanks, Claimant.
## SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Kati A. HANKS,
*Respondent.*

(90-16204; CA A74809)

857 P2d 911

Kenneth L. Kleinsmith, Tigard, argued the cause for petitioner. With him on the brief was Meyers & Radler, Tigard.

Gregory Gibson, Eugene, argued the cause for respondent. On the brief were Roger Ousey and Bischoff & Strooband, Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Employer seeks review of a Workers' Compensation Board order that awarded claimant temporary disability benefits for a three-week period when she was prevented from working due to a labor dispute lock out at her place of work. We affirm.

Claimant, a retail clerk, injured her wrist. Employer accepted the claim and offered her modified work, which she accepted. On July 21, 1990, employer locked out its employees due to a labor dispute. When the labor dispute ended, claimant returned to her modified job. The Board held that, by locking her out of her job, employer withdrew its offer of modified employment:

> "By locking claimant out of the workplace, the employer effectively, even if only temporarily withdrew modified employment from the claimant. Claimant could not voluntarily choose to participate in the employment, neither [sic] is she able to return to her regular employment for another employer because of the disabling effects of her compensable injury. So long as she is unable to perform her regular work, and her modified job remained unavailable as a result of the conduct of the employer, she is unable to work on account of her injury for purposes of determining her entitlement to temporary total disability."

Employer contends that claimant lost wages because of a labor dispute, not her compensable injury, and that claimant was not incapacitated and suffered no loss of earning power due to the injury. It relies on *Roseburg Forest Products v. Wilson*, 110 Or App 72, 821 P2d 426 (1991), and *Safeway Stores v. Owsley*, 91 Or App 475, 756 P2d 48 (1988).

■ We reject employer's arguments. Claimant was released by her doctor to perform a light duty job, and was unable to perform her regular job because of her injury. The lock out separated her from the modified job. She is entitled to temporary disability payments under ORS 656.210 only if "the requisite incapacity to work exists." *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 295, 702 P2d 403 (1985). When employer barred her from the modified job, she was unable, due to injury, to work and earn wages. She did not remove herself from the work force.

ORS 656.268(3) provides:

"Temporary total disability benefits shall continue until whichever of the following events first occurs:

"(a) *The worker returns to* regular or *modified employment*;

"(b) The attending physician gives the worker a written release to return to regular employment; or

"(c) *The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment*." (Emphasis supplied.)

The Board held that the emphasized provisions did not aid employer here, because the premise of employer's statutory right to terminate temporary disability benefits is that claimant could be working and earning a wage:

"ORS 656.268 does not mandate a different result. The unilateral termination provisions in ORS 656.268(3)(c) are based on the premise that the client is *or could be* working. Here, claimant is physically unable to perform her regular work, and the offer of modified employment has been temporarily withdrawn. Through no fault, or choice of her own, claimant is unable to work, as a result of her injury." (Emphasis in original.)

We agree with the Board's construction of the statute. There was no evidence that claimant's separation from employment was due to her voluntary choice.

The cases relied on by employer are inapposite. In *Roseburg Forest Products v. Wilson, supra,* we upheld an employer's termination of temporary total disability (TTD) because the claimant refused modified work due to a strike at the worksite. 110 Or App at 75. *See also Roseburg Forest Products v. Phillips*, 113 Or App 721, 725, 833 P2d 1359, *rev den* 314 Or 727, (employer was not required to begin paying TTD, because the claimant "withdrew from the work force when he decided to participate in the strike"). Unlike in those cases, claimant did not withdraw from the work force. The separation resulted from employer's action.

In *Safeway Stores v. Owsley, supra,* the injured worker returned to a modified job that, due to a union contract, paid higher wages than the worker earned at injury.

The employer terminated her benefits, fired her and refused to reinstate benefits. We held that the claimant was not entitled to temporary partial disability (TPD) benefits after the discharge, because her wages increased after the injury and, therefore, she had suffered no diminished "earning power" under ORS 656.212. We rejected her contention that employer was required to reinstate TPD after the discharge because,

> "[e]ven assuming that claimant's termination did not preclude recovery of benefits for temporary partial disability, she would have been entitled only to the amount that she could have received on account of her disability had she not been fired. In this case, that is nothing." 91 Or App at 480.

The determination in *Owsley* that the claimant was not entitled to TPD because she had not lost earning power under ORS 656.212 and *former* OAR 436-60-030 does not support employer's argument that claimant was not disabled. Here claimant suffered disability due to her injury which gave rise to the need for modified work.

■ Finally, employer contends that it locked out its employees because claimant's union called a strike against one of employer's associates in a multi-employer bargaining unit and, in effect, claimant lost wages only because she was a party to a strike. The Board rejected that argument, and we concur. An employer that decides to withdraw a modified job from an injured worker is not saved from the ordinary consequence of that decision because it does so to enhance its position in a labor dispute. *Cf. Roseburg Forest Products v. Wilson, supra,* 110 Or App at 76 (applying same principle to an injured worker's decision to refuse modified work at the site of a strike).

Affirmed.