Argued and submitted March 28, affirmed May 10, 1995

Tom RECTENWALD,
*Appellant,*

*v.*

Suella SNIDER,
*Respondent.*

(9304-02593; CA A83440)

894 P2d 1242

Gregory Kafoury argued the cause and filed the briefs for appellant.

Gary G. Norris argued the cause for respondent. With him on the brief was Norris & Scott.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a summary judgment dismissing his action for negligence. ORCP 47. He argues that defendant's motion should not have been granted because there are genuine issues of material fact as to whether defendant's conduct constituted negligence. We affirm.

■    Defendant has the burden of showing that there are no genuine issues of material fact. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). In reviewing whether that burden has been met, we consider the summary judgment record in the light most favorable to plaintiff, the nonmoving party, and draw all reasonable inferences in his favor. *Uihlein v. Albertson's, Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978).

The evidence in the summary judgment record consists of the depositions of plaintiff and defendant. For purposes of the motion, these facts are uncontroverted. Defendant was driving her car without wearing a seat belt. As she approached an intersection, a car either to her right or left entered the intersection without stopping. Defendant swerved her car to the right to avoid the other car, and as a result, her car jumped the curb and rolled on its side. Plaintiff, who happened to be in the immediate vicinity of the accident, ran to defendant's car and found defendant with her legs pinned inside the car, and the upper half of her body outside the car. He assisted others in pushing the car back on its wheels to free defendant from the car. In the process, he injured his knees.

Plaintiff's sole allegation of negligence is:

"5.

"Defendant knew or had reason to know that failure to wear a seat belt would unreasonably create a risk that plaintiff would, in the event of an accident, be placed in a position of danger, and that such danger would foreseeably present a risk to a rescuer.

"6.

"The above-described injuries were caused by the negligence of defendant in failing to secure herself within her vehicle by the use of a seat belt."

In support of her motion for summary judgment, defendant argues that plaintiff's claim should be dismissed, because ORS 18.590 prohibits the use of evidence of the nonuse of a seat belt in an action for damages arising out of a motor vehicle accident. Defendant also argues that there is no evidence that her failure to wear a seat belt contributed to the cause of plaintiff's injuries; nor was it foreseeable that her failure to wear the seat belt would cause injury to plaintiff.

We begin with the parties' arguments regarding ORS 18.590, which provides:

"(1)  In an action brought to recover damages for personal injuries arising out of a motor vehicle accident, evidence of the nonuse of a safety belt or harness may be admitted only to mitigate the injured party's damages. The mitigation shall not exceed five percent of the amount to which the injured party would otherwise be entitled.

"(2)  Subsection (1) of this section shall not apply to:

"(a)  Actions brought under ORS 30.900 to 30.920; or

"(b)  Actions to recover damages for personal injuries arising out of a motor vehicle accident when nonuse of a safety belt or harness is a substantial contributing cause of the accident itself."

The parties do not dispute that this is an action to recover damages for personal injury arising out of a motor vehicle accident. Plaintiff argues that the statute's only application is when a defendant offers evidence of the nonuse of a seat belt as a shield from liability. Defendant counters that it is unlikely that the legislature intended to permit such evidence to be admitted on behalf of a plaintiff as affirmative evidence of negligent conduct by a defendant when the same evidence is deemed inadmissible to demonstrate the negligence of a plaintiff.

Our task is to ascertain the intent of the legislature in enacting ORS 18.590. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We start by looking at the text and context of the statute, which includes considering any rules of construction of the statutory text that bear directly on how to read the text. *Id.* at 610-11. If the

statute is clear on its face, we need go no further. ORS 174.010.[1]

We conclude that the text and context of ORS 18.590 make it clear that the use of seat belt evidence in personal injury cases arising out of a motor vehicle accident is limited to the mitigation of the injured party's damages except as specified in subsection 2 of the statute. The statute provides that when a party brings an action to recover damages for personal injury arising out of a motor vehicle accident, the evidence of nonuse of a seat belt "may be admitted *only* to mitigate the injured party's damages." (Emphasis supplied.) By using the word "only" and creating an express exception, the legislature has expressly limited the scope of the admissibility of evidence of the failure to wear a seat belt to the expressed purpose and for no other purposes.[2] When a statute limits something to be done in a particular form, it necessarily implies in itself a negative, *i.e.*, that the thing shall not be done otherwise. *Scott v. Ford*, 52 Or 288, 296, 97 P 99 (1908). *See Gantenbein v. PERB*, 33 Or App 309, 319, 576 P2d 1257, *rev den* 282 Or 537 (1978) ("The inclusion of specific matter in a statute tends to imply a legislative intent to exclude related matters not mentioned."). Consequently, because plaintiff's only evidence of negligence is not admissible, the trial court did not err in granting summary judgment on the allegations that defendant's failure to wear a seat belt was negligence because it was reasonably foreseeable that she would be placed in a position of peril in the event of an accident.

Plaintiff also argues that summary judgment is precluded because there is evidence that defendant's nonuse of the seat belt was a substantial contributing cause of the accident itself. *See* ORS 18.590(2)(b). He posits that, had defendant's seat belt been fastened, she would not have lost control of her car and hit the curb when she swerved to avoid

---

[1] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *."

[2] " 'Only' is a word of restriction or exclusion, of restriction as to that which it qualifies and of exclusion as to other things." *White Store v. Atkins*, 202 Tenn 180, 194, 303 SW 2d 720, 726 (Tenn 1957).

the other vehicle; nor would she have tipped over. However, plaintiff did not include those allegations in his pleading, and we will not treat the pleadings as amended unless there are facts in the summary judgment record that would justify amending the complaint. *Hussey v. Huntsinger*, 72 Or App 565, 569, 696 P2d 580 (1985). We can find no evidence in the summary judgment record that creates a genuine issue of material fact as to whether defendant's failure to wear a seat belt caused her to lose control of her car or caused her to tip over. Accordingly, the trial court did not err when it granted summary judgment.

Affirmed.