Argued and submitted April 16, affirmed December 17, 1997

In the Matter of the Compensation of
Dennis G. Hansen, Claimant.

LINNTON PLYWOOD ASSOCIATION,
*Petitioner,*

*v.*

Dennis G. HANSEN,
*Respondent.*

(94-08198; CA A93415)

949 P2d 743

Montgomery W. Cobb argued the cause for petitioner. With him on the brief was Cobb and Woodworth.

Robert Wollheim argued the cause for respondent. With him on the brief was Welch, Bruun, Green & Wollheim.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

At issue in this case is whether claimant, who voluntarily left his job to participate in a federally sponsored job retraining program for workers in distressed industries, remained "in the work force" for the purpose of determining eligibility to receive workers' compensation benefits. The Workers' Compensation Board (Board) concluded that claimant remained in the work force. We agree and affirm.

The facts are not in dispute. Claimant suffered a compensable lumbar disk herniation while working at employer's plywood mill in 1986. After surgery, claimant returned to work, and employer closed his claim. When the mill experienced financial difficulties, its employees became eligible to participate in a retraining program funded by the federal government under the Federal Trade Readjustment Act. 19 USC § 2331. Participants in the program are paid a wage in addition to the direct costs of retraining. The program is administered through the state unemployment benefits system.

In September 1992, claimant voluntarily left his job to participate in the program. He entered a medical lab technician training program at Portland Community College. He received a wage and expenses during his participation in the program. Claimant intended to look for work in his new field immediately after completing training and earning the necessary certification.

In November 1992, claimant experienced back pain and was diagnosed with a recurrent disk herniation. Claimant underwent surgery for the recurrent herniation on December 3, 1992. Employer reopened the claim, but it did not pay temporary disability benefits, contending that claimant was not entitled to those benefits, because he was no longer in the work force. Meanwhile, claimant attempted to return to classes at Portland Community College, but, because of post-surgery limitations on his ability to sit or stand for more than a short period of time, he was unable to continue. When he withdrew from the program, his wage-replacement benefits stopped.

On June 23, 1994, the claim was closed by determination order awarding no temporary disability benefits and finding claimant medically stationary as of January 28, 1994. Claimant requested a hearing on his entitlement to temporary disability benefits for the period from December 3, 1992, through January 28, 1994. The administrative law judge (ALJ) concluded that, because claimant attended retraining classes and received wage replacement at the time of the aggravation of his herniated disk, he had exhibited a willingness to work and made reasonable efforts to obtain employment. Accordingly, the ALJ ordered employer to pay claimant temporary disability benefits. The Board affirmed.

On review, employer argues that the Board erred as a matter of law, because, at the time of the aggravation, claimant voluntarily had left work and had taken no steps to obtain other employment during his retraining. According to employer, temporary disability benefits are available only to workers, and "claimant was a full-time paid student, not a worker." Claimant contends that the Board's decision was correct as a matter of fact, because his participation in the retraining program establishes substantial evidence that he was willing to work and making reasonable efforts to find work.

■ In *Dawkins v. Pacific Motor Trucking*, 308 Or 254, 778 P2d 497 (1989), the Supreme Court described the test that determines whether a claimant is "in the work force" for the purpose of determining eligibility for temporary disability benefits:

"A claimant is deemed to be in the work force if:

"a. The claimant is engaged in regular gainful employment; or

"b. The claimant, although not employed at the time, is willing to work and is making reasonable efforts to obtain employment; or

"c. The claimant is willing to work, although not employed at the time and not making reasonable efforts to obtain employment because of a work-related injury, where such efforts would be futile."

*Id.* at 258 (citations omitted). We have addressed the ultimate conclusion of whether a claimant remains in the work force as a question of law. *See, e.g., Roseburg Forest Products v. Gibson*, 115 Or App 127, 130, 836 P2d 1365 (1992); *Roseburg Forest Products v. Phillips*, 113 Or App 721, 725-26, 833 P2d 1359, *rev den* 314 Or 727 (1992).

■    In this case, although claimant was not employed at the time of his aggravation, he expressed a willingness to work, and his participation in the retraining program further evinces that willingness. Claimant was not merely enrolled in general academic studies; he was attending classes to acquire training and skills to enable him to obtain employment in a specific occupation under the auspices of a federal program that paid him wage replacement only as long as he continued the course of retraining. We conclude that claimant remained "in the work force" at the time of his aggravation.

Affirmed.