Argued and submitted March 25, affirmed August 13, petition for review denied
November 25, 2003 (336 Or 146)

# Mark KARSON,
## *Appellant,*

*v.*

# OREGON LIQUOR CONTROL COMMISSION,
## a division of the State of Oregon,
## *Respondent.*

### 0004-03416; A117116

74 P3d 1163

David R. Nepom argued the cause and filed the briefs for appellant.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

## KISTLER, J.

On summary judgment, the trial court ruled, among other things, that plaintiff is not an employee of defendant Oregon Liquor Control Commission (OLCC) and that the OLCC has no statutory obligation to negotiate contract terms with him. The trial court entered judgment accordingly. Plaintiff appeals, and we affirm.

The OLCC is responsible for the sale of alcohol in Oregon and is authorized to establish retail liquor stores. ORS 471.725. The OLCC may operate the stores itself or appoint persons known as liquor agents to operate them. ORS 471.750(1). Currently, the OLCC sells alcohol through retail stores operated by liquor agents who contract with the OLCC. The contract between the agents and the OLCC, termed a "retail sales agent agreement," is a six-page standardized contract. It requires agents to comply with all statutes and rules and to use their best efforts in operating the retail stores. It regulates the condition and appearance of the store and requires agents to supply most store fixtures, pay utility expenses, employ additional store personnel, and work 40 hours each week at the store. Following a probationary period, an agent may be terminated only for cause. The OLCC does not alter any of those standardized terms for individual agents.

In addition to those contract terms, agents are regulated by statutes governing advertising and by OLCC regulations. The regulations govern, among other things, hours of operation, the type of nonliquor items that may be sold in retail liquor stores, the sale of lottery tickets, supplier rebates, soliciting business from on-premises sellers of alcoholic beverages, liquor discounts, payment methods by customers, and changes to the retail store. Finally, agents must abide by the terms of the OLCC's retail operations manual, which establishes guidelines for sales and service, cash handling and security, merchandising, inventory management, and product information.

Plaintiff has been a liquor agent for over 20 years. In the course of entering into a new contract, a dispute arose

over plaintiff's rights and status as a liquor agent, and plaintiff filed a complaint against the OLCC raising multiple claims for relief. In the trial court, plaintiff explained that, although he had pled multiple claims, his complaint presented only two basic issues. The first was whether "[t]he OLCC has retained the right to control the method and manner of [plaintiff's] work and plaintiff * * * therefore is an employee entitled to the benefits he would receive as an employee of [the OLCC]."[1] The second is whether "the OLCC is obligated to negotiate the contract terms to be applied to plaintiff."[2] On cross-motions for summary judgment, the trial court ruled in the OLCC's favor and against plaintiff on all his claims. The court entered judgment accordingly.

■ ■   On appeal, plaintiff contends that the trial court erred in resolving the two issues that he raised below. On the first issue, plaintiff asserts that the level of control that the OLCC exerts over the agents' retail operations makes them employees and consequently that he is entitled to damages for various unpaid employee benefits.[3] The OLCC counters that the legislature intended liquor agents to be independent contractors, and that, although the OLCC regulates the agents' retail operations extensively, the OLCC's level of control is not sufficient to make its agents employees. As a general rule, the question whether a person is an employee or an independent contractor presents an issue of law for the court

---

[1] Two interrelated claims for relief bear on this issue. In his fourth claim for relief, plaintiff sought a declaratory judgment that liquor agents are OLCC employees. In his fifth claim for relief, plaintiff sought damages "on account of unpaid retirement benefits, overtime wages, sick pay, vacation pay, fringe benefits, unpaid salary and other compensation and funds" that he would have received if he were an OLCC employee.

[2] In his second claim for relief, plaintiff alleged that the OLCC was acting *ultra vires* because it was required, as a matter of statute, to negotiate the terms of the retails sales agreements with its liquor agents.

[3] The OLCC argues that plaintiff's first assignment of error—which is directed to the trial court's ruling on his declaratory judgment claim—is not justiciable because plaintiff has not also assigned error to the trial court's ruling on his claim for damages. In his reply, plaintiff agrees that the two claims are integrally related but responds that his right to recover damages is contingent on his status as an employee. He contends that, if we agree that he is an employee for the purpose of receiving employee benefits, then the trial court can calculate the appropriate damages on remand. We agree with plaintiff that the failure to assign error to the trial court's ruling on his claim for damages does not render his first assignment of error nonjusticiable.

unless "the underlying facts are in dispute or more than one reasonable inference relating to the right to control can be drawn from the facts." *Schaff v. Ray's Land & Sea Food Co., Inc.*, 334 Or 94, 103 n 5, 45 P3d 936 (2002). In the latter situation, the issue must go to the factfinder. *Id.*

Below, neither plaintiff nor the OLCC disputed the underlying historical facts. Their dispute lay in whether those facts, taken together, showed sufficient control over liquor agents' retail operations to make them OLCC employees. Below, and to a large extent on appeal, the parties have based their arguments on an analysis of statutory and common-law tests for determining independent contractor and employee status. On appeal, however, the OLCC has also argued, in support of the trial court's ruling, that the legislature has conclusively resolved the issue that plaintiff raises on appeal. Relying on ORS 471.752(1), the OLCC contends that the legislature has determined that liquor agents are employees only for the purpose of receiving two specified benefits. In so doing, the OLCC reasons, the legislature has determined that liquor agents are not employees for the purpose of receiving any other employee benefit. We agree with the OLCC that ORS 471.752(1) resolves the issue that plaintiff's first assignment of error presents.

ORS 471.752(1) provides:

"An agent appointed under ORS 471.750 [a liquor agent] may participate in a health benefit plan available to state employees pursuant to ORS 243.105 to 243.285 at the expense of the agent and may participate in the state deferred compensation plan established under ORS 243.401 to 243.507. For such purposes, agents shall be considered eligible state employees."

The text of ORS 471.752(1) makes clear that liquor agents are state employees only for the purpose of participating in two specific benefits—health benefit plans and deferred compensation plans. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Put another way, ORS 471.752(1) makes clear that liquor agents are not OLCC employees for the purpose of receiving any benefit from the state other than those specified in that subsection. *See Roseburg Forest Products v. Wilson*, 110 Or App 72, 76, 821

P2d 426 (1991) (explaining that "[t]he inclusion of specific matters in a statute implies a legislative intent to exclude related matters not mentioned").

■      As plaintiff explained his position below, he sought a declaration that a liquor agent is an OLCC employee as the predicate for his damages claim for unpaid state employee benefits. We agree with the OLCC that ORS 470.752(1) conclusively resolves that issue. Given that statute, we need not decide whether plaintiff would be considered an employee or an independent contractor under the common law.[4] Subject to constitutional limitations, the legislature has the power to alter the common law, *Lakin v. Senco Products, Inc.*, 329 Or 62, 78-79, 987 P2d 463 (1999), and the legislature's determination in ORS 471.572(1) completely resolves which employee benefits plaintiff is and is not entitled to receive.[5]

■      Plaintiff raises a second issue. He argues that the trial court erred in ruling that ORS 471.750(1) does not require the OLCC to bargain over the terms of the standardized retail sales agreement. Before turning to plaintiff's argument, it is helpful to put it in perspective. In response to the OLCC's summary judgment motion, plaintiff submitted an affidavit in which he stated that the OLCC offered a standardized retail sales agreement to liquor agents but would not negotiate further over the agreement's terms. According to plaintiff,

"The OLCC dictated the terms of the Retail Sales Agents Agreement, and required me (and other liquor agents) to

---

[4] Additionally, to the extent that the general test set out in ORS 670.600 would otherwise apply to this case, the more specific determination set out in ORS 470.752(1) controls. *See Kambury v. DaimlerChrysler Corp.*, 334 Or 367, 374, 50 P3d 1163 (2002).

[5] Plaintiff does not argue that we should reverse and remand the trial court's judgment because it dismissed his declaratory judgment claim instead of entering a declaration as to his rights. *See City of Portland v. Cook,* 170 Or App 245, 253, 12 P3d 70 (2000), *rev den,* 332 Or 56 (2001) (holding that, if the trial court has jurisdiction, it may not dismiss a declaratory judgment claim but should enter a declaration of the parties' rights). In the absence of an objection, we conclude that our opinion serves as a sufficient declaration of plaintiff's right to receive the benefits of state employment. We also note that plaintiff has not contended, in response to the OLCC's reliance on ORS 471.752(1), that the OLCC has precluded him from participating in a state health benefit plan or in a state deferred compensation plan—the two employee benefits that that subsection makes available to liquor agents.

either sign the Agreement proposed by the OLCC, or cease all store operations: the OLCC did not negotiate and did not engage in a give and take to reach negotiated contract terms."

In plaintiff's view, the OLCC's refusal to bargain over the terms of the standardized retail sales agreement violates its obligation under ORS 471.750(1).

ORS 471.750(1) provides:

"The Oregon Liquor Control Commission shall establish such stores and warehouses in such places in the state as in its judgment are required by public convenience or necessity, for the sale of spirituous liquors, wines and other alcoholic liquors containing over five percent alcohol by volume, in sealed containers for consumption off the premises. * * * The commission shall adopt rules governing advertising by stores operated by the commission. The commission may appoint agents in the sale of said liquor under such agreement as the commission may negotiate with said agents or their representative."

The text of ORS 471.750(1) does not direct the OLCC to bargain over the terms of the retail sales agreement. Rather, the legislature's use of the word "may" leaves it to the OLCC to determine in how much negotiation, if any, it is willing to engage. *See State ex rel Cox v. Davidson Ind.*, 291 Or 839, 851, 635 P2d 630 (1981). Indeed, the dependent clause—"as the commission may negotiate with said agents or representatives"—merely modifies the phrase "such agreement." It does not impose an independent duty to bargain over the individual terms in the agreement. When the legislature wants to impose such a duty, it knows how to say so. *See* 243.650(4) (defining "collective bargaining" as the "mutual obligation of [two parties] to meet at reasonable times and confer in good faith * * * for the purpose of negotiations concerning mandatory subjects of bargaining"). The trial court correctly ruled that ORS 471.750(1) does not require the sort of mandatory bargaining that plaintiff seeks.

Affirmed.